———— FAWCETT, Plaintiff, *v.* ———— FISHER, Defendant.

Supreme Court, Nassau County, June 26, 1933.

Emanuel Levy [*Benjamin Berman* of counsel], for the plaintiff.
*Milton E. Friedland*, for the defendant.

STEINBRINK, J. This is an action to declare an assignment of a mortgage null and void and to cancel the same of record. The facts, as they appear from the undenied allegations of the complaint, are as follows: Plaintiff, the owner of certain real property, executed and delivered to the defendant Braasch a bond and mortgage in the sum of $3,100. Thereafter the defendant Fisher, acting as agent for the plaintiff, collected rents from the mortgaged premises and paid all of the carrying charges, including the installments of principal and interest due under the bond and mortgage. Upon completing the payments, the defendant Fisher secured an assignment of the bond and mortgage. The paragraph of the complaint in which it is alleged that the defendant Fisher has no interest in the premises except as agent for the plaintiff is the only one denied. No affirmative matter is pleaded in the answer.

At the trial it was claimed on behalf of the defendant Fisher that she had expended moneys in payment of the mortgage debt far in excess of the sums received by way of rent. By reason thereof a reference is sought so that there may be an accounting. Plaintiff resists the reference as unnecessary, contending that, even though the defendant Fisher had expended moneys of her own, her remedy, if any, must be pursued in a separate action upon properly presented issues. This contention reveals a misconstruction of the real object for the reference. It is sought not to ascertain whether the defendant Fisher is entitled to some form of affirmative relief, but rather to measure the quantum of relief which plaintiff may be given. Under the pleadings the burden of proof rests with the plaintiff. To sustain the burden, there must be proof that the defendant Fisher has no interest in the mortgaged premises except as agent for the plaintiff. If it be found that the defendant Fisher had applied her own money in payment of the mortgaged debt, then to establish a right to the full relief sought plaintiff must

demonstrate that the payments were not made in good faith on account of or for the plaintiff's benefit. Since the plaintiff has invoked the jurisdiction of equity, she should not be permitted to enjoy the benefits of payments made on her behalf at the expense of her agent. It would be decidedly unjust to call upon the agent to suffer loss or injury for acts done in the proper discharge of her duties. To succeed fully in this action, the plaintiff must, therefore, show that the payments were not made by the agent for the preservation of the property intrusted to her care, but were made for the purpose of reaping some private advantage out of the fiduciary relationship. Failing in this, the agent should be accorded some form of protection. If the moneys were paid by the agent in consideration of the assignment, then the existence of the assignment renders unnecessary resort to the rule of equitable subrogation. If, however, the moneys were paid in satisfaction of the mortgage, then the agent may properly be subrogated to the rights of the mortgagee. In any event, the defendant Fisher would be directed to execute a reduction of the mortgage to the extent of the payments derived from the rents collected. She would be given no affirmative relief. If, on the other hand, it be found that she had not expended moneys of her own, then she would be directed to execute a satisfaction piece. The issues thus indicated will be referred to an official referee to hear and determine.

To enable the plaintiff to interpose intelligent objections to the accounting, the defendant Fisher will be directed, within five days of the entry of the order and interlocutory judgment herein, to serve on the plaintiff an account setting forth a complete statement of the items of income and expenditure together with full explanations thereof. Submit order and interlocutory judgment accordingly.